W. H. H. JONES, ADMINISTRATOR OF RUSSELL JONES, DECEASED, v.
W. L. BAGWELL.

(Filed 21 October, 1931.)

APPEAL by plaintiff from *Cowper, Special Judge,* at April Term, 1931, of WAKE. Affirmed.

This is an action to recover damages for the death of plaintiff's intestate, caused, as alleged in the complaint, by the negligence of the defendant.

Plaintiff's intestate, 37 years of age, undertook, in the night time, to cross Hillsboro Street, at or near its intersection with West Street, in the city of Raleigh. He left the curb on the south side of Hillsboro Street, and before he reached the curb on the north side of said street, he was struck and fatally injured by an automobile owned and driven by defendant in a westerly direction on Hillsboro Street. He died within a few hours after he was injured, his death resulting from his injuries.

It is alleged in the complaint that at the time plaintiff's intestate was struck and injured, defendant was driving his automobile at an unlawful rate of speed, and in a careless and negligent manner. This allegation is denied in the answer. Defendant alleges that the death of plaintiff's intestate was caused by an unavoidable accident.

At the close of the evidence for the plaintiff, defendant moved for judgment as of nonsuit. This motion was allowed and plaintiff excepted.

From judgment dismissing the action, plaintiff appealed to the Supreme Court.

*Pou & Pou and J. L. Emanuel for plaintiff.*
*Clyde A. Douglass and R. N. Simms for defendant.*

PER CURIAM. There was no direct evidence at the trial of this action tending to sustain the allegations of the complaint with respect to the rate of speed at which, or in the manner in which defendant was driving his automobile at the time plaintiff's intestate was struck and fatally injured. Plaintiff contends on his appeal to this Court that the evidence tends to show facts and circumstances from which the jury could have reasonably inferred that defendant was negligent as alleged in the complaint. A careful consideration of all the evidence fails to sustain this contention. All the evidence shows that the unfortunate death of plaintiff's intestate was the result of an unavoidable accident, for which defendant was not responsible. There was no error in the judgment dismissing the action. It is

Affirmed.